**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICKIE GREEN
ADC # 117055                                                                                                  PLAINTIFF


V.                                              5:05CV00056 GH/HDY


JONAK *et al.*                                                                                              DEFENDANTS


**FINDINGS AND RECOMMENDATION**

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

1

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff alleges in his *pro se* 42 U.S.C. § 1983 Complaint that he was denied medical care for a throat infection. Plaintiff made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a pre-jury evidentiary hearing on September 27, 2005, to determine whether this case should proceed to a jury trial before the Honorable George Howard, Jr., United States District Judge. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F. 3d 1133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the September 27th hearing to be true, drawn appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 1135-36. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*., *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 251-2 (1986). Based upon the evidence introduced at the Evidentiary Hearing, the undersigned makes the following recommendation with regard to findings and disposition:

   1. Plaintiff has been incarcerated at the Arkansas Department of Correction since 2000. He

is currently housed at the East Arkansas Regional Unit, but was housed at the Tucker Unit at the time of the occurrence. Defendants are Herman Jonak, the doctor assigned to the Tucker Unit, and two nurses, Denise Krablin and Rhonda Mitchell. All were employed by Correctional Medical Services.

2. On May 24, 2004, Plaintiff went to the infirmary for treatment of his high blood pressure. While he was being seen by Defendant Jonak, Plaintiff had a "disagreement" with him about the need for orthopedic shoes; Plaintiff concedes that he "went off on him" about the issue and was at fault for the outburst. Plaintiff was ordered to leave the infirmary and return to his barracks.

3. When Plaintiff returned to his barracks, he met with an ADC employee named Albritton, who served as Plaintiff's Substance Abuse Treatment Program (SATP) counselor. As a result of the dispute between Plaintiff and Dr. Jonak, Albritton required the Plaintiff to enter into a "Behavior Contract" to remain in the Substance Abuse Treatment Program. Plaintiff agreed to "no more disruptive behavior toward medical staff. All issues referring to his health will be handled through the grievance procedure. Client must abide by stipulations of this contract or he will be immediately discharged from program." *See* Plaintiff's Exhibit 16.

4. Later that same day, Plaintiff submitted another sick call request, this time to be seen regarding ear and throat pain and "white and yellow secretions" in his mouth and throat. He was seen on May 27, 2004, by Nurse Jones, not a named Defendant, who referred him to "doctor call."

5. Plaintiff was scheduled for "doctor call" on June 2nd. At that time, Defendant Krablin took Plaintiff's vitals; then, he was told by the Defendants that he could not be treated at the infirmary because of the terms of the "behavior contract." He was sent back to the barracks, where Mr. Albritton attempted to intervene on his behalf with an informal resolution, but the Defendants still refused to treat Plaintiff, contending that his outburst on the 24th and the subsequent behavior

contract disqualified him from going to doctor call.

      6. Twelve days later, on June 14, 2004, after submitting several more sick call slips, Plaintiff was given some over-the-counter cold medicines, including a decongestant and an expectorant, by Defendant Krablin for his condition.

      7. Four days later Plaintiff was transferred to the Tucker Max Unit, where he was diagnosed with strep throat by another doctor and prescribed antibiotics. Then, on July 21, 2004, he was moved to the Varner Super Max Unit. He submitted a sick call request on July 28th and was seen on August 4th by Dr. Herbert, who diagnosed a "throat infection" and prescribed different antibiotics. Plaintiff ultimately received three more rounds of antibiotics, and his infection cleared in September of 2004.

      8. When an inmate alleges that treatment delay is the constitutional deprivation, the objective seriousness of the deprivation should be measured by reference to the delay's effect. *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997). The inmate must put verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. *Id*. (*citing Hill v. Dekalb Regional Youth Detention Ctr*., 40 F.3d 1176, 1188 (11th Cir.1994)); *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir.1995). Specifically, the inmate must present "verifying medical evidence . . . that defendants ignored an acute or escalating situation or that delays adversely affected his prognosis." *Reece*, 60 F.3d at 491; *see Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir.1994). Plaintiff has presented no objective medical evidence demonstrating that the twelve day delay in receiving any treatment for his sore throat complaints adversely affected his prognosis. No medical evidence has been introduced to demonstrate that Krablin's treatment of Plaintiff's condition on June 14 was anything other than a mis-diagnosis and negligence on her part. Four days after this mis-diagnosis, Plaintiff began to receive multiple antibiotic prescriptions for what was apparently a persistent throat

infection.

9. Furthermore, the evidence concerning the June 2nd "refusal to treat" the Plaintiff would not support a finding of deliberate indifference on the part of the Defendants. At most, the evidence demonstrates a mistaken understanding about the nature of the "Behavior Contract." This conduct is not sufficiently egregious to amount to "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976).

10. There are no genuine issues of material fact which should be submitted to a jury. Accepting Plaintiff's evidence as true and giving him the benefit of all favorable inferences, Defendants are entitled to dismissal of all his claims against them as a matter of law, without further hearing.

IT IS SO RECOMMENDED this __12__ day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE